```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GEORG F. W. SCHAEFFLER et al.,                  :

                 Petitioners,                   :    OPINION AND ORDER

           -v.-                                 :    13 Civ. 4864 (GWG)

UNITED STATES OF AMERICA,                       :

                 Respondent.                    :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

This case is a petition by Georg F.W. Schaeffler and certain entities (collectively, "Schaeffler") to quash a summons issued by the Internal Revenue Service ("IRS"). This Court denied the petition. On appeal, the United States Court of Appeals for the Second Circuit vacated this Court's judgment and remanded the case for "further proceedings." The IRS recently withdrew the summons and now moves to dismiss the petition for lack for subject matter jurisdiction on the ground that it is moot. Schaeffler has cross-moved for entry of a judgment quashing the summons.[1] For the reasons that follow, the IRS's motion is granted and the petitioners' motion is denied.

---

[1] See Notice of Motion, filed Mar. 4, 2016 (Docket # 73); Memorandum of Law in Support of Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1), filed Mar. 4, 2016 (Docket # 74); Declaration of Hugo Ramirez, filed Mar. 4, 2016 (Docket # 75) ("Ramirez Decl."); Petitioners' Notice of Motion for Entry of Judgment Granting Amended Petition to Quash Summons, filed Mar. 7, 2016 (Docket # 76); Memorandum in Support of Petitioners' Motion for Entry of Judgment Granting Amended Petition to Quash Summons, filed Mar. 7, 2016 (Docket # 77) ("Quash Mem."); Memorandum of Law in Opposition to Petitioners' Motion for Entry of Judgment Granting Amended Petition to Quash Summons, filed Mar. 23, 2016 (Docket # 78); Petitioners' Notice of Response to Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1), filed Mar. 23, 2016 (Docket # 79); Memorandum in Support of Petitioners' Response to Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1), filed Mar. 23, 2016 (Docket # 80) ("MTD Opp.").

I. BACKGROUND

The IRS is investigating the tax liabilities of Georg F.W. Schaeffler. See Ramirez Decl. ¶ 2. On June 25, 2013, the IRS issued a summons to Ernst & Young seeking testimony and documentary evidence relating to Schaeffler. Id. ¶ 4. Schaeffler filed the instant petition to quash the summons on July 12, 2013. See Petition to Quash Internal Revenue Summons, filed July 12, 2013 (Docket # 1). Schaeffler argued, inter alia, that the documents sought by the summons were protected by attorney-client privilege and by the work-product doctrine. See generally Amended Petition to Quash Internal Revenue Service Summons, filed Nov. 8, 2014 (Docket # 14). Eventually, Schaeffler produced a ten-volume privilege log. See Notice of Filing of Amended Volumes 1-10 of the Privilege Log, filed Jan. 17, 2014 (Docket # 32). On May 28, 2014, this Court denied the petition, Schaeffler v. United States, 22 F. Supp. 3d 319 (S.D.N.Y. 2014), finding that Schaeffler waived any privilege by sharing the documents with a group of banks and that the documents and testimony were not protected by the work product doctrine. Id. at 333, 340-41.

Schaeffler appealed the Court's decision to the Second Circuit. See Notice of Appeal, filed June 6, 2014 (Docket # 55). The Circuit vacated this Court's judgment and "remand[ed] for such further proceedings as may be necessary to determine, in a manner consistent with this opinion, whether any remaining documents are protected by the attorney-client privilege or work-product doctrine." Schaeffler v. United States, 806 F.3d 34, 45 (2d Cir. 2015). The Second Circuit's mandate issued on January 28, 2016. Mandate, filed Jan. 28, 2016 (Docket # 64).

This Court then ordered "[t]he parties . . . to consult to determine whether there should be any further proceedings in this matter." Order, filed Jan. 29, 2016 (Docket # 65). On February

5, 2016, the parties submitted a joint letter "agree[ing] that there is no need for further proceedings . . . ." Letter from Todd Welty and Rebecca S. Tinio, filed Feb. 5, 2016 (Docket # 66). The parties represented that they were "working to draft stipulated dismissal documents." Id.

One week later, however, on February 12, 2016, the IRS withdrew the summons that was the subject of the petition to quash. Ramirez Decl. ¶ 5. In a letter, the IRS informed Ernst & Young that "[n]o further attempt will be made by the Internal Revenue Service to seek production of records from Ernst & Young under this summons." Letter from Hugo Ramirez to Melissa Galetto, dated Feb. 12, 2016, appended as Exhibit 1 to Ramirez Decl. The instant motions to dismiss and for entry of judgment followed.

II. DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). Under Article III of the Constitution, federal courts have jurisdiction only over "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "The Constitution limits the jurisdiction of Article III courts to matters that present actual cases or controversies." Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001) (citing U.S. Const. art. III, § 2, cl. 1), cert. denied, 534 U.S. 827.

"When a case becomes moot, the federal courts 'lack[] subject matter jurisdiction over the action.'" Fox v. Bd. of Trustees of the State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (quoting New York City Employees' Retirement Sys. v. Dole Food Co., 969 F.2d 1430, 1433 (2d Cir. 1992)), cert. denied, 515 U.S. 1169 (1995). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v.

McCormack, 395 U.S. 486, 496 (1969) (citation and internal quotations omitted). As the Second Circuit has observed, "it is not enough that a dispute was very much alive when suit was filed . . . [t]he parties must continue to have a personal stake in the outcome of the lawsuit." Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir. 1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990)) (internal citation and quotations omitted), cert. denied, 526 U.S. 1131 (1999). "As with other defects in subject matter jurisdiction, mootness may be raised at any stage of the litigation." In re Kurtzman, 194 F.3d 54, 58 (2d Cir. 1999) (citing Fox, 42 F.3d at 140).

Case law has routinely recognized that the withdrawal of an IRS summons moots a petition to quash that summons. See, e.g., Pac. Fisheries Inc. v. United States, 484 F.3d 1103, 1111 (9th Cir. 2007) ("petitions [to quash] were moot after the summonses were withdrawn"); Gillings v. United States Internal Revenue Serv., 122 Fed. App'x 360, 361 (9th Cir. 2005) (summary order); Malone v. Internal Revenue Serv. of the U.S. Treas. Dep't, 237 F.2d 54, 54 (6th Cir. 1956) (per curiam); MaxCrest Ltd. v. United States, 2016 WL 3211228, at *1 (N.D. Cal. Mar. 25, 2016); Brinkman v. U.S., Inc. ex rel. Internal Revenue Serv., 2015 WL 9920980, at *2 (D. Minn. Dec. 16, 2015); Dew v. United States, 2010 WL 889987, at *2 (collecting cases); Fisher v. United States, 676 F. Supp. 2d 1165, 1170 (W.D. Wa. 2009); Hardee v. United States, 2007 WL 3037308, at *1 (W.D.N.C. Oct. 16, 2007); Thompson v. United States, 2007 WL 2778663, at *2 (S.D. Ohio Sept. 21, 2007); Thompson v. United States, 2007 WL 1891167, at *2 (D.D.C. June 29, 2007); Dame v. United States, 643 F. Supp. 533, 534 (S.D.N.Y. 1986).

Schaeffler distinguishes such cases by noting that they "generally involve dismissals that occurred before any meaningful litigation had begun." MTD Opp. at 2-3 (emphasis in original). Schaeffler gives no explanation, however, as to why this distinction affected the reasoning of

these cases. Nor do we discern why this distinction should matter. None of the cases rely on the timing of the withdrawal but rather on the fact that a controversy between the parties no longer existed. And, as we have already noted, "mootness may be raised at any stage of the litigation." Kurtzman, 194 F.3d at 58 (citing Fox, 42 F.3d at 140).

There are some limited exceptions to the mootness doctrine. Schaeffler argues that two of these exceptions apply here: the "voluntary cessation of illegal activity" exception and the "evading review" exception. See Quash Mem. at 7.

"[A]s a general rule, 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot," though such a case may become moot if "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur" and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Los Angeles Cty. v. Davis, 440 U.S. 625, 631 (1979) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953)) (citations, quotations, and punctuation omitted). This exception does not apply here, however, because there was nothing "illegal" about the IRS's conduct. Cf. United States v. Const. Prods. Research, Inc., 73 F.3d 464, 469 (2d Cir. 1996) (petition to quash an administrative subpoena issued by the Nuclear Regulatory Commission was not moot because the respondents were "contest[ing] the authority of the NRC to have issued the subpoena in the first place."). Indeed, Schaeffler makes no argument that the IRS's conduct was "illegal."

This case also does not fall within the "capable of repetition, yet evading review" exception. To qualify for this exception, the dispute must meet two elements: "(1) the challenged action in its duration [must be] too short to be fully litigated prior to its cessation or expiration, and (2) there [must be] a reasonable expectation that the same complaining party will

5

be subjected to the same action again." Turner v. Rogers, 564 U.S. 431, 439-40 (2011) (internal punctuation and citation omitted) (challenge to completed contempt sentence was not moot because the sentences for contempt given to the complaining party were too short to be fully litigated through the state courts and arrive at the Supreme Court prior to the expiration of the sentence).  Here, a challenge to the issuance of a summons is not "too short" to be fully litigated prior to its having any effect on Schaeffler.  Schaeffler does not suggest that any future summons for his tax records will require compliance prior to the adjudication of any petition to quash.  Thus, should the IRS issue a summons for the same documents in the future, Schaeffler would be free to file a new petition to quash and the need to comply with the summons could be postponed until the completion of court review, no matter how long it took.

Finally, Schaeffler argues that "[e]ven if the withdrawal of the relevant Summons has somehow rendered the case moot, the Court still retains the authority to enter the judgment requested by Schaeffler."  Quash Mem. at 8.  Schaeffler asks the Court to exercise its "significant inherent powers to fashion appropriate remedies . . . to prevent abuse of the judicial process."  Id. at 9 (citation omitted).  But not one of the cases Schaeffler cites to support this point, id. at 8-9, involved a case where a court had found the controversy before it to be moot, and yet entered judgment on the merits anyway.  Indeed, with one exception, none of the cases included findings that the cases were moot at all.  The lone exception is the case of U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18 (1994).  In that case, the Supreme Court found that a controversy had been mooted when the case settled while on appeal.  Id. at 392.  The Supreme Court did not order that a judgment be issued on the merits, however.  To the contrary, far from taking further action on the case, as Schaeffler urges us to do here, U.S. Bancorp Mortg. Co. rejected a request to provide any further relief when it declined a party's request to vacate

the lower court's judgment. Id. at 392-93. Neither the result nor the reasoning of U.S. Bancorp Mortg. Co. provides this Court with any basis for entering a judgment on the merits in this moot case.

III. CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss (Docket # 73) is granted and the petitioners' motion for entry of a judgment (Docket # 76) is denied. The Clerk is requested to enter judgment dismissing this petition for lack of subject matter jurisdiction and to close this case.

Dated: June 16, 2016
      New York, New York

*/s/ Gabriel W. Gorenstein*
GABRIEL W. GORENSTEIN
United States Magistrate Judge